UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JUDITH REYNOLDS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 4:17-CV-56-JEM |
| NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Judith Reynolds on June 30, 2017, and Plaintiff's Opening Brief [DE 19], filed December 20, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On January 31, 2018, the Commissioner filed a response, and on February 6, 2018, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.    Background**

On March 11, 2014, Plaintiff filed an application for benefits alleging that she became disabled on January 30, 2014. Plaintiff's application was denied initially and upon reconsideration. On May 12, 2016, Administrative Law Judge ("ALJ") Shane McGovern held a hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On June 27, 2016, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant meets the insured status of the Social Security Act through December 31, 2019.

2.    The claimant has not engaged in substantial gainful activity since January 30,

2014, the alleged onset date.

3. The claimant has severe impairments: diabetes mellitus with neuropathy, obesity, bipolar disorder, and anxiety disorder.

4. The claimant does not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant had the residual functional capacity to perform light work, except: the claimant can never climb ladders, ropes, or scaffolds but can occasionally climb ramps or stairs and occasionally balance, stoop, crouch, kneel, and crawl. The claimant can have no exposure to unprotected heights or moving mechanical parts. The claimant is limited to simple, routine, and repetitive tasks free of production rate pace and quotas. The claimant cannot perform any teamwork or tandem tasks and requires low stress jobs. The claimant can have occasional interaction with coworkers and supervisors; and no more than 10% interaction with the general public.

6. The claimant is unable to perform past relevant work.

7. The claimant was 48 years old, defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because the claimant is "not disabled," whether or not he has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 30, 2014, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate

Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (*O'Connor-Spinner I*); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law,"

3

the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner I*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in failing to give controlling weight to the opinion of Plaintiff's treating psychiatrist and in failing to weight the opinion of the consulting psychologist. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

Plaintiff's treating psychiatrist opined that Plaintiff's symptoms met the requirements in Listing 12.04, meaning that she is disabled. Plaintiff argues that the ALJ erred in giving little weight to this opinion, without adequate explanation.

4

"[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record. *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, he must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Plaintiff's treating psychiatrist, who saw Plaintiff more than fifteen times between the alleged onset date of disability and the date of the hearing, completed a medical source statement indicating that Plaintiff met Listing 12.04 for bipolar disorder. The ALJ gave little weight to his opinion, finding it "inconsistent with the record" because it "did not provide for any particular limitation" and because Plaintiff's anxiety and bipolar improved on medication. The ALJ cited to sections of the record where the treating psychiatrist indicated some improvement with medication, but ignored the treatment notes, including those dated after the medical source statement, that stated that "patient status is getting worse." *E.g.,* AR 435. Reference to a few treatment notes indicating improvement

5

(but, notably, not absence of symptoms and limitations) is not a "sound explanation" of the reason to give little weight to the opinion of Plaintiff's treating psychiatrist. Furthermore, the the Seventh Circuit Court of Appeals has warned against "cherry-picking" medical or mental health evidence, particularly because "a person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition." *Punzio*, 630 F.3d at 710. In that case, the Seventh Circuit said that

> [t]he ALJ ought to have analyzed whether [the treating psychiatrist]'s mental-residual-functional-capacity questionnaire was consistent with her treatment notes as a whole. Even if we accept the [single] treatment note as evidence that [the plaintiff] enjoys a few 'good days,' that evidence still offers no support for the ALJ's finding that her mental illness does not prevent her from holding a job.

*Id.* As the Seventh Circuit Court has explained, "[t]he very nature of bipolar disorder is that people with the disease experience fluctuations in their symptoms, so any single notation that a patient is feeling better or has had a 'good day' does not imply that the condition has been treated." *Scott v. Astrue*, 647 F.3d 734, 739-40 (7th Cir. 2011)*; see also Punzio*, 630 F.3d at 710 ("[A] person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition."); *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010) ("[S]ymptoms that 'wax and wane' are not inconsistent with a diagnosis of recurrent, major depression. 'A person who has a chronic disease, whether physical or psychiatric, and is under continuous treatment for it with heavy drugs, is likely to have better days and worse days.'") (quoting *Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008)).

Although medical evidence "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the

6

evidence and his conclusions." *O'Connor-Spinner I*, 627 F.3d at 618. The ALJ failed to build that logical bridge in this case, leaving the Court unable to follow the reasoning behind the ALJ's conclusion that the opinion of Plaintiff's treating psychiatrist is unsupported by other evidence in the record, a problem that is particularly concerning given the importance of treating physician opinions on issues of residual functional capacity. *See, e.g,. Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) ("While the ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'") (quoting SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996)) (citing 20 C.F.R. § 416.927(e)(2)); *Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it."); *Punzio*, 630 F.3d at 710 (7th Cir. 2011) ("[W]henever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision.").

Not only did the ALJ fail to give controlling weight to the opinion of Plaintiff's treating psychiatrist, he did not give a thorough explanation of his decision, and did not explain how factors such as the extent of the treating relationship or the psychiatrist's specialty affected his analysis of what weight to give his opinion. In addition, the ALJ completely failed to explain how much weight he gave to the opinion of the psychologist who examined Plaintiff. He referred to portions of her exam notes, even mentioning the fact that she assessed a global assessment of functioning score of 50, "which suggested serious social limitations," but did not credit the limitations inherent in that score. He also failed to even address her diagnoses that Plaintiff suffers from major depressive disorder and bulimia, despite the fact that "[a] diagnosis of 'major depression' means, by definition,

that an individual's 'symptoms cause clinically significant distress or impairment in social, occupational, or other important areas of functioning.'" *O'Connor–Spinner v. Colvin*, 832 F.3d 690, 693 (7th Cir. 2016) (*O'Connor-Spinner II*) (noting GAF score of "50, indicating serious symptoms or functional impairments" and finding error in conclusion that depression was not a severe impairment) (quoting Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders 356 (4th ed. text revision 2000)). His failure to properly explain how he weighed her opinion requires remand. *Larson*, 615 F.3d at 751 ("Even if the ALJ had articulated good reasons for rejecting Dr. Rhoades's opinion, it still would have been necessary to determine what weight his opinion was due under the applicable regulations. An ALJ must consider the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and support for the physician's opinion." (citing 20 C.F.R. § 404.1527(d)(2); *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir.2009); *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir.2008); *Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir.2006)).

In this case, the ALJ did not identify any source opining about Plaintiff's mental limitations to whom he gave more than little weight and completely failed to explain the weight given to other opinions and diagnoses, leaving the Court unable to trace the path of the ALJ's reasoning from the mental health evidence to his conclusion regarding Plaintiff's limitations. On remand, the ALJ is reminded of the directive to give controlling weight to the opinion of a treating specialist, particularly when that specialist directly addresses whether Plaintiff's symptoms meet the requirement for a Listing, if it is supported by other evidence, and to properly explain the weight given to the medical opinions in the record and how Plaintiff's limitations are incorporated into the RFC. The ALJ is reminded of his responsibility to create a logical bridge between the evidence and

his conclusions to allow for meaningful review. *O'Connor-Spinner I*, 627 F.3d at 618.

Plaintiff also argues that the ALJ erred in overemphasizing Plaintiff's daily activities in determining her capacity to work, the ALJ is reminded that the Seventh Circuit Court of Appeals has repeatedly criticized credibility determinations that equate a plaintiff's ability to take care of his personal hygiene, children, or household chores with the ability to work. *See, e.g.*, *Zurawski*, 245 F.3d at 887; *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2006). The ALJ is reminded that on remand, his analysis must take into account "critical differences between activities of daily living and activities in a full-time job," such as the fact that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *see also, e.g., Punzio*, 630 F.3d at 712 ("[The Plaintiff's] ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace."); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006) ("We have cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home . . . The pressures, the nature of the work, flexibility in the use of time, and other aspects of the working environment . . . often differ dramatically between home and office or factory or other place of paid work.").

Plaintiff requests that the Court reverse the Commissioner's decision and remand for an award of benefits. An award of benefits is appropriate "only if all factual issues have been resolved and the record supports a finding of disability." *Briscoe*, 425 F.3d at 356. In this case, Plaintiff has not met her burden of showing that she meets the Listings or presented a developed argument in favor of an award of benefits. Accordingly, this matter is remanded for further proceedings.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 19] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 20th day of August, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record